Mitchell L. Feldman, Esq
Florida Bar No. 0080349 (*Pro hac vice application to be filed*)
FELDMAN LEGAL GROUP
6916 West Linebaugh Avenue, # 101
Tampa, Florida 33625
Tel: (813) 639-9366
Fax: (813) 639-9376
Mfeldman@flandgatrialattorneys.com
Mail@feldmanlegal.us

David Ratner (Bar No.316267)
Shelley Molineaux (Bar No. 277884)
RATNER MOLINEAUX LLP
1990 N. California Boulevard, Suite 20
Walnut Creek, California 94596
Telephone:(925) 393-7511
Facsimile: (925) 891-3818
david@ratnermolineaux.com
shelley@ratnermolineaux.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA ANDERSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RELIANT PRO REHAB LLC, d/b/a RELIANT REHAB, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY OVERTIME;**<br>**(2) FAILURE TO PROVIDE MEAL PERIODS;**<br>**(3) FAILURE TO PROVIDE REST PERIODS;**<br>**(4) FAILURE TO PAY FOR ALL HOURS WORKED**<br>**(5) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;**<br>**(6) UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES;**<br>**(7) FAILURE TO PAY EARNED WAGES UPON DISCHARGE; and**<br>**(8) DECLARATORY and INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, REBECCA ANDERSON ("Plaintiff"), individually, and on behalf of all others similarly situated ("Class Members"), pursuant to Federal Rules of Civil Procedure, Rule 23 and California Wage laws, herein sues Defendant, RELIANT PRO REHAB LLC, d/b/a RELIANT REHAB (hereinafter "RELIANT" and/or "Defendant") for violations of the California state wage laws. Defendant has maintained an unlawful scheme to avoid its overtime pay obligations and deny lawfully required bona fide off-duty breaks to a class of thousands of Therapists to increase profits to the tune of millions of dollars each year at the expense of its hard working and dedicated employees. As part of this scheme to avoid paying wages, and to save millions in labor costs as well as to unfairly reap many millions of dollars in profits, akin to stealing the earned wages of thousands of therapists, Defendant maintained a De Facto policy or commanding and pressing Therapists to underreport, and submit inaccurate and unreliable time sheets, to work without meal breaks and to work off the clock. Therapists were told not to self-report more than 8 hours per day and 40 hours for the week no matter how many additional hours they worked, and to self-report 30-minute meal breaks they rarely if ever took as a matter of policy. Meanwhile, RELIANT, through productivity requirements and their desire to limit labor costs, pressured Therapists to work overtime hours off the clock and underreport their hours, placing them in fear of disciplinary action and terminations of their employment if they dared report all the overtime hours necessary to complete their job duties.

## **INTRODUCTION**

1. Defendant in this case has willfully FAILED to pay overtime wages to hourly-paid, non-exempt THERAPISTS working under various specialties who have been permitted to suffer to work off the clock in order to fulfill and handle required job duties and responsibilities in positions where Defendant knows such employees working in these positions were working off the clock and overtime hours in efforts to meet all company expectations and job requirements and avoid suffering disciplinary action, including but not limited to termination of their employment. All Class Members were paid on an hourly, non-exempt status.

2. Plaintiff herein commences this legal action individually and as a Class action on behalf

of all others similarly situated against Defendant for unfair business practices and violations of the California Labor Code ("Labor Code").

3. Pursuant to national common policy and plan, Plaintiff and the class of similarly situated current and former California employees, have worked under the titles of Physical Therapist (PT), Physical Therapy Assistant (PTA), Occupational Therapist (OT), Certified Occupational Therapy Assistant (COTA), Speech Language Pathologist (SLP) (herein collectively referred to as "Therapists"), or other job titles used to describe persons performing similar, hourly, non-exempt management positions working from approximately 50 or more locations or offices in California.

4. Plaintiff and Class Members, were unlawfully not compensated a premium for all hours worked over eight (8) hours in a day or forty (40) hours in a week, each and every workweek, by a scheme and plan of Defendant to evade the overtime wage laws and save many millions of dollars in labor costs to the detriment and harm of Plaintiff and all other similarly situated present and former employees.

5. Likewise, Defendant required Plaintiff and Class Members to work more than five (5) hours per day without receiving all mandated off-duty meal periods. Defendant had, and continues to have, a pattern and practice of such high productivity requirements, upwards of 125%, which leaves no time for 30-minute uninterrupted off-duty meal periods and rest breaks, which Defendant knew and continues to employ to this day.

6. While Defendant did have some system for hourly employees to self-report their work hours, Defendant maintains a policy, as many employers do, that "overtime" has to be pre-approved. Meanwhile, and simultaneously, Defendant maintained a De Facto policy that all such employees are to "do whatever it takes to get the job done" and complete all their job duties including working off the clock as needed and required.

7. Defendant had actual knowledge, but at a minimum constructive knowledge, that Plaintiff Anderson and Class Members routinely worked off the clock, as well as worked more than five hours per day without taking their mandated off-duty breaks.
///
///

8.      Not only were directors, supervisors and others in management well informed of these additional off the clock hours being performed and Therapists failing to take off-duty mandated breaks, and thus had actual knowledge, but managers and/or directors and others in management encouraged and even pressured program managers and Therapists to work as many overtime hours as needed off the clock to meet productivity goals, and to complete all their job duties and required reporting forms and medical notes.

9.      When Plaintiff and Class Members did not receive uninterrupted off-duty meal breaks, Defendant did not pay Plaintiff and Class Members with the additional hour of compensation as required by Labor Code §§ 226.7, 558, 1198 and Wage Order 7, § 11(D). As a result, Defendant did not pay Plaintiff and the Class Members with all wages due as required by Labor Code §§ 201-204.

10.     Defendant's Directors and superiors over the Plaintiff and Class Members, who themselves had worked in these same positions, also worked overtime hours off the clock and thus are aware that working more than eight (8) hours in a day or forty (40) hours in the workweek was necessary to complete these job duties and responsibilities, meet the productivity requirement, and to avoid the risk of termination of their employment.

11.     Moreover, Defendant here never prevented or discouraged Plaintiff and Class Members from accessing the offices, computer systems and data bases outside the standard or regular business hours or on weekends to prevent and curtail off the clock work.

12.     Indeed, Defendant knew that Plaintiff and Class Members routinely accessed systems, databases, and programs, including emails while off the clock and away from the office, including by and through available tablets.

13.     Defendant turned a "blind eye" to all the off the clock work for numerous reasons, while pressuring, coercing, intimidating, and encouraging Therapists to work as many hours as necessary to hit their productivity goals and complete their job duties.

14.     Defendant had a policy and practice of requiring Plaintiff and Class Members to work more than 3.5 hours per day without receiving mandated off-duty, uninterrupted rest periods, in violation of the rest break requirements pursuant to Labor Code § 226.7 and Wage Order 7, § 12(A). In an effort to achieve unrealistic productivity rates, Plaintiffs and Class Members were not

given their mandated off-duty, uninterrupted rest periods. As a result, Plaintiffs and Class Members did not receive 10-minute uninterrupted off-duty rest periods in addition to not receiving their off-duty mandated meal break.

15. Defendant's pattern and practice required a productivity rate that cannot be met in a normal eight (8) hour work day or forty (40) hour work week, so that Plaintiff and Class Members were required to skip rest breaks and skip off-duty meal breaks in an effort to minimize overtime work that they were forbidden to take without approval and discouraged from asking for.

16. When Plaintiff and Class Members did not receive uninterrupted off-duty rest periods, Defendant did not pay Plaintiff and Class Members with the additional hour of compensation as required by Labor Code §§ 226.7, 558, 1198 and Wage Order 7, § 12(B). As a result, Defendant did not pay Plaintiff and the Class Members with all wages due as required by Labor Code §§ 201-204.

17. Defendant has willfully failed to pay Plaintiff and Class Members all wages owed in accordance with California State laws. Specifically, Plaintiff and Class Members were not paid overtime for time worked in excess of eight (8) hours per day or forty (40) hours per week and were not paid a premium for not receiving uninterrupted off-duty breaks. As a result, Defendant did not pay Plaintiff and the Class Members with all wages due as required by Labor Code §§ 201-204.

18. Labor Code § 226 provides that every employer is required, "semimonthly or at the time of each payment of wages," to give each employee an itemized wage statement, including, inter alia, the total hours worked by the employee (except for salaried employees), and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Labor Code § 226(a). Defendant had a policy and practice of failing to provide proposed Class Members, including Plaintiff, with a properly itemized wage statement with each paycheck in compliance with California law. Defendants's wage statements did not indicate the additional hour of compensation when Plaintiff and Class Members were not provided meal or rest breaks, in violation of Labor Code § 226(a)(1), (2), (5), and (9).

19. Labor Code § 1174(d) provides that an employer should keep payroll records "showing the hours worked daily by and the wages paid to […]". Because Defendant had a policy and practice of failing to adequately keep records of Plaintiff's and Class Members' meal breaks, as

required by Labor Code § 226.7 and 512, Defendant failed to maintain accurate and complete payroll records in compliance with California law. This failure gives rise to civil penalties under Labor Code § 1174.5.

20. Plaintiff and Class Members did not, and currently do not, perform work that meets the definition of any exemption under the California Wage laws, and the Defendant's pay practices are not only clearly unlawful, but UNFAIR as well.

21. In this pleading, "Defendant" means the named Defendant and any other subsidiary or affiliated and wholly owned corporation, parent corporations, former or predecessor corporations, and any and all other organizations or entities responsible for the employment practices complained of herein (discovery may reveal additional defendants that should be included).

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this action pursuant to 28 US Code § 1332 - Diversity of citizenship, as Plaintiff is a resident of California and at all times material worked for Defendant in California, and Defendant is a foreign corporation, with a principal place of business in Texas. Moreover, the damages in this case exceed $75,000. This Court also has supplemental jurisdiction to consider claims arising under California state law pursuant to 28 US Code § 1367.

23. This Court may exercise personal jurisdiction over Reliant Rehab pursuant to California's Long Arm Statute, Cal. Code Civ. Proc § 410.10, as Defendant conducts substantial business in this State and within the Eastern District of California, receives substantial compensation and profits from its marketing, and from its local therapy services in this District, directs its employees to work from and engage in business in this State, and has engaged in the unlawful practices described in this Complaint in this District.

24. Venue is proper in this district because under 28 U.S.C. § 1391(b) Reliant has physical offices and from which is performs work and provides services to the general public in this District, and Defendant is subject to the Court's personal jurisdiction in this judicial district; and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial

district.

## **THE PLAINTIFF**

25.     Plaintiff Anderson is a resident of this District who worked for Defendant as a Therapist in June 2019 until September 2021 including last working at Avalon Health Care San Andreas, in San Andreas, California.

26.      Plaintiff Anderson brings her claims individually and as a Class Action on behalf of a similarly situated California class, defined as all individuals who are now, or were previously employed by Defendant in California and classified as non-exempt, hourly Therapist employees at any time during the period beginning on the date four (4) years prior to the filing of this Complaint, up through the present and until compliance with the law (the "California Class"). The amount in controversy for the aggregate claim of California Class Members is over five million dollars ($5,000,000.00).

27.     The "Class Period" is designated as the date of filing the complaint, through the trial date, based upon the allegation that the violations of California's wage-and-hour laws as described more fully below, have been ongoing for at least the four years prior to the filing of the complaint in this action.

28.     Plaintiff seeks recovery of all allowable compensation and other sums for the violations described below, including minimum wages and overtime wages, penalties and premium pay for missed meal and rest periods, penalties, restitution and restoration of sums owed and property unlawfully held, declaratory and injunctive relief, interest, attorneys' fees, and costs.

29.     Plaintiff brings this Class Action on behalf of herself and a California Class to fully compensate the California Class members for their losses incurred during the Class Period caused by Defendant's policy and practice which failed to lawfully compensate these employees for all hours worked. Defendant's policy and practice alleged herein is an unlawful, unfair, and deceptive business practice whereby Defendant retained and continues to retain wages due Plaintiff and the other members of the California Class. Plaintiff and the other members of the California Class seek

an injunction enjoining such conduct by Defendant in the future, relief for the named Plaintiff and the other members of the California Class who have been economically injured by Defendant's past and current unlawful conduct, and all other appropriate legal and equitable relief.

## DEFENDANT, RELIANT PRO REHAB LLC D/B/A RELIANT REHAB

30. Defendant, RELIANT PRO REHAB LLC. (hereinafter Defendant or "RELIANT"), is a Foreign (Delaware) Limited Liability Corporation, with a principal place of business located at 5800 Granite Parkway, Suite 1000, Plano, Texas 75024, and who all times material hereto, has routinely and consistently conducted business in the State of California through its numerous, fixed long term health care and nursing home facilities or locations, including in this district. Defendant may be served through its Registered Agent for service of process at 1505 Corporation, 112, C T CORPORATION SYSTEM, 330 N BRAND BLVD STE 700, GLENDALE, CA 91203.

31. As stated by Defendant on their website: "Reliant provides physical, occupational and speech therapy services to skilled nursing facilities. Using our proprietary patient-centered clinical programs, we have over 37,000 patient interactions every day in over 870 facilities in 40 states."

32. Defendant is an employer within the definition of the California State Wage Laws, has revenues exceeding $500,000 annually and employs more than 100 persons in this State alone. Defendant at all times material was required to compensate Plaintiff Anderson and Class members overtime premiums for all overtime hours worked in each and every workweek, and provide 30-minute, uninterrupted, non-working meal breaks each day, and 10-minute rest periods, all of which it has willfully failed to provide.

## FACTUAL ALLEGATIONS

33. This Class action arises from a longstanding and continuing wrongful scheme by Defendant to: a) willfully fail to accurately and properly track and record the work hours of Therapists and b) willfully refuse to pay overtime wages to a large class of non-exempt, hourly paid employees who Defendant knows or should have known, were working off the clock and working overtime hours without being paid for all such hours.

///

34.     Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following California Class members:

**All persons employed as a Physical Therapist, Physical Therapy Assistant, Certified Occupational Therapy Assistant, Occupational Therapist, Speech Language Pathologist, or any other job titles used to describe persons performing similar job requirements, who are currently employed by or were previously employed by Reliant Pro Rehab LLC, d/b/a Reliant Rehab in the State of California in the four years preceding the filing of this lawsuit to date of trial in this action.**

35.     Plaintiff is able to protect and represent Class Members, and she is willing, able, and consents to doing so.   Plaintiff Anderson is familiar with the pay practices, company policies and procedures going back to 2019 and each year within the relevant class period.

36.     Plaintiff has routinely worked more than eight (8) hours in a day and forty (40) hours in her workweeks throughout the term of her employment with Defendant, and without being paid any wage or premium for all the hours worked in each and every workweek.

37.     Plaintiff was required to routinely attend meetings and training sessions which negatively impacted her productivity.

38.     Plaintiff was required to attend mandatory case review meetings at lunchtime, which also caused her to be unable to take a 30-minute off-duty, uninterrupted meal break.

39.     Plaintiff was required to meet productivity expectations for patient treatment of 95%, which equated to 7.6 hours per day, and yet supposedly be able to take a 30-minute uninterrupted, non-working bona fide meal break, and complete all notes for the therapy on the patients the same day all within 8 hours of clocked time per day, no more.

40.     As was Plaintiff's experience, hitting and maintaining this productivity requirement, while supposedly taking a 30-minute meal break, 10-minute rest break, and completing all notes and attending all meetings, while treating patients 7.6 hours per day was an impossibility in 8 hours a day and 40 hours per week of work.

41.     Defendant knew that Therapists, including Plaintiff, were working off the clock, working more hours than reported, not taking 30 minutes of uninterrupted meal breaks, not taking rest breaks coming in early, and staying late in order to complete their job duties and

responsibilities.

42.  Said another way, Defendant knew that the Therapists were required to work more than eight (8) hours in a day and forty (40) hours in a week routinely throughout their workweeks, and thus worked off the clock.

43.  Astonishingly, Defendant warned Plaintiff and class members across the U.S. that if they did not self-report 30 minutes each day for a meal break on their timesheets, the company would automatically deduct the 30 minutes of time, even when they knew the employees did not take this meal break and worked through some or all of this time. This is wage theft.

44.  Thus, each week, Defendant stole 30 minutes a day in wages, most probably overtime wages, and approximately 2.5 hours each week in overtime pay, as each person had to report no more than forty (40) hours of work for the week and no more than eight (8) hours per day on their time sheets, less these breaks.

45.  Throughout Plaintiff's term of employment with Defendant, she had no time to take 30 minutes of uninterrupted meal breaks. She would work through the day, and if she could even take a break to eat, it was for a few minutes or eating on the run or eating and working on notes while eating, all of which meant that this time was not off-duty breaks but compensable hours, and overtime that should be paid at a premium, not stolen.

46.  Defendant did not care if employees worked or had to work through the day without taking this 30-minute uninterrupted meal break in order to meet productivity, and there was no ability or means to report less than 30 minutes without suffering the auto deduction by Defendant.

47.  Throughout Plaintiff's employment she simply worked the hours reported to reflect eight (8) hours exactly each day, and 30 minutes of meal break, which Defendant could see and in fact knew was false, unreliable, and inaccurate.

48.  Hourly employees do not work exactly eight (8) hours every day, and forty (40) hours every week, and take exactly 30 minutes of meal break each day. Timecards reflecting such exact timing are indications of not properly recording employee time.

49.  Moreover, the act of Defendant deducting 30 minutes for a meal break not taken when employees did not self-report this 30-minute meal break, is wage theft, unlawful time editing,

shaving, and falsification of Defendant's own time records.

50.     Plaintiff and all others similarly situated were left with just 30 minutes each day throughout the workweek in which to attend daily, weekly, and even monthly facility meetings; treat patients with therapy, complete notes and handle any other communications or patient issues and yet not report more than eight (8) hours in a day and forty (40) hours for the week.

51.     Left between a rock and a hard place, Plaintiff, like other Therapists, was forced to suffer to work off the clock and submit inaccurate, underreported, unreliable and inaccurate time records or face discipline and termination of their employment.

52.     Defendant is no stranger to unlawful and fraudulent actions, intended to increase profits unlawfully, such as having been sued by the United States of America for Medicare fraud and being forced to pay $6,100,000.00 to settle the claims.   "Reliant Rehabilitation Holdings Inc. (Reliant), a national provider of rehabilitation therapy and related services headquartered in Plano, Texas, has agreed to pay the United States $6.1 million to resolve allegations that it violated the False Claims Act (FCA), 31 U.S.C. §3729, et seq., by paying kickbacks to skilled nursing facilities and physicians in connection with care provided to Medicare beneficiaries as a way of improperly promoting Reliant's rehabilitation therapy business, the Justice Department announced today."  See DOJ    website:    https://www.justice.gov/opa/pr/reliant-pay-61-million-settle-false-claims-act-allegations-it-paid-kickbacks-nursing-homes#:~:text=(Reliant)%2C%20a%20national%20provider,Act%20(FCA)%2C%2031%20U.S.C.

53.     Defendant's history of committing willful, unlawful, fraudulent acts for the sake of increasing profits, makes their actions here in willfully permitting Therapists to suffer to work off the clock and falsifying time records in order to save millions of dollars in wages owed to a hard-working group of employees, particularly egregious and exposes them to punitive damages.

54.     Defendant knew Plaintiff and the California Class members accessed the company computer systems and databases, such as Rehab Optima, while off the clock, permitted it, and implicitly encouraged it by demanding all work be done each week without clocking overtime.

55.     First, Defendant knew and could see that work was being done off the clock, observed by Directors of Rehab (DOR), and others, and secondly, as per the Company De Facto (unwritten)

policy, Defendant encouraged and pressured Plaintiff and class members to work off the clock and discouraged reporting the overtime hours.

56.     Meanwhile, Defendant turned a blind eye to Therapists, including Plaintiff working more than eight (8) hours in a day and staying late and off the clock working on Defendant's computers putting in notes off the clock, because Defendant's reaped the rewards of the additional work and labor for free.

57.     Plaintiff alleges for herself, and on behalf of Class Members that they are entitled to unpaid wages from Defendant for overtime hours worked for which they did not receive overtime premium pay as required by the California' wage laws.

58.     Upon information and belief and investigation, Defendant employs upwards of 200-300 currently employed Therapists and with turnover, upwards of about 1,200 Therapists from its California facilities, such as long-term health care and nursing home facilities it staffs and runs.

59.     Defendant has maintained a single job description for its various Therapist positions and has posted such jobs within the relevant 4-year class period demonstrating the job requirements for Therapists at any location in California are identical.  Regardless, a Therapist's job responsibilities are generally the same wherever they work:  perform therapy, document the treatment, and for SLP, PT and OT, create the treatment plans and initial evaluations.

60.     All Therapists within this defined putative class of similarly situated employees here were treated and classified by Defendant as hourly, nonexempt employees.

61.     Therapists, including Plaintiff were discouraged from reporting their overtime hours under Defendant's De Facto (unwritten) Policy, including pressure from superiors and by fear and intimidation that complaining of the off the clock hours would result in termination.

62.     When Plaintiff complained of the inability to complete all job duties within an eight (8) hour workday and forty (40) hour work week, including working on weekends and outside the office hours during the week, Plaintiff's manager made it clear that Plaintiff either keep up and do all the work off the clock or suffer disciplinary action.

63.     The company discouraged complaining of the overtime hours and against clocking and performing overtime work on the clock, meanwhile pressured, and encouraged Therapists to work

as many hours as required to perform all job requirements and meet their productivity.

64.    Further, if a Therapist dared to put their overtime hours on the time records and submit it, doing so would diminish the ability to hit the productivity and they would be subject to discipline.  Thus, Defendant also discouraged the reporting and clocking of overtime hours as would lead to disciplinary action for not meeting the productivity goals.

65.    Defendant maintains a companywide policy throughout the relevant class period of willfully refusing to pay premium wages for all overtime hours worked by Therapists.

66.    Defendant maintained a "code of silence" when it came to the issue of overtime laws and overtime wages, the mandatory 30-minute uninterrupted, non-working lunch or meal break requirement, and no rest period, with literally no company meetings or discussions about the law.

67.    Defendant maintained a culture and environment of discouraging and intimidating Therapists from submitting or reporting overtime hours worked; warning they had to find a way to do all their work and keep up, sacrificing personal time, or they would be subjected to termination of their jobs.

68.    Defendant does not presently and has not throughout the relevant four (4) year class period, properly clocked, tracked, or recorded the actual working hours of each Therapist in their locations or facilities in California.

69.    Most full-time staff Therapists, including Plaintiff, primarily worked a similar corporate set schedule of five (5) days per week, typically Monday to Friday, and were required to work 8 hours per day and 40 hours per week.

70.    All Therapists were trained to perform their respective job duties and responsibilities and expected to perform their job duties and responsibilities in similar manners throughout California.

71.    Simple math confirms that all Therapists, by having a required productivity of up to 95% and higher, would have to work more than eight (8) hours per day and more than forty (40) hours per week, if they took a 30 minute, uninterrupted and non-working meal break.

72.    Particularly egregious, some Therapists were told by Defendant that they had to meet a productivity requirement of 100% to 120%.

73.     In summary, Defendant maintained a De Facto policy which required Therapists, including Plaintiff and complete all job duties and responsibilities but never to report more than 8 hours for the day or more than 40 hours for the week under the company De Facto Policy.

74.     Therapists, including Plaintiff, were likewise told to do what it takes to complete all job duties and requirements, including working overtime hours off the clock, but discouraged from self-reporting overtime hours to the Defendant, despite Defendant's knowledge that such off the clock overtime work was being performed.

## CALIFORNIA CLASS ALLEGATIONS

75.     Plaintiff herein also will label this group of similarly situated present and former employees of Defendant as the "California Therapists Class". The number of individuals in the California class is so numerous that joinder of all members is impracticable.  Upon information and belief, the class of California employees including turnover within the last four (4) years is in the range of 1,200 persons, with 200 to 300 or more employed at any given time.

76.     Plaintiff Anderson will fairly and adequately protect the interests of the class, is ready and willing to do so, and has retained counsel that is experienced and competent in class actions, collective actions, and employment litigation.

77.     Plaintiff Anderson's claims are typical of the members of the proposed class.

78.     Plaintiff Anderson has no interests that are contrary to, or in conflict with, the members of the class.

79.     A class action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

80.     The claims of Plaintiff Anderson are identical to those of the California Therapists Class, as the pay practices complained of were applicable to all Therapists in California, and Defendant treated all as hourly, non-exempt employees.

81.     Plaintiff was taught and instructed by Defendant to perform her job requirements and

duties in a similar, if not identical manner, and therapists perform their job requirements based upon State professional standards regulated by their own professions and by the California governing agencies. Moreover, Defendant maintains a job description and company policies and practices, including time keeping and overtime pay policies applicable to all California Therapists.

82. The proposed California Therapist Class is brought and may properly be maintained as a class action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

83. Pursuant to those requirements, the California Therapists Class are so numerous that joinder of all members is impracticable.

84. Further, common questions of law and fact exist as to all members of the California Therapists Class that predominate over any questions affecting individual members, including:

     A. Whether Defendant violated California Labor Code §§ 510 & 1194 and the California Business & Professions Code Section 17200 by failing to pay premium compensation to the California Class members who worked in excess of forty (40) hours per week, and/or eight (8) hours a day and/or twelve (12) hours per day; and

     B. Whether Defendant violated California Labor Code § 226 and the California Business & Professions Code Section 17200 by failing to keep accurate records of employees' hours worked, and by failing to provide accurate semi-monthly itemized statements to California Class members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s); and

     C. Whether Defendant violated California Labor Code §§ 201-203 by failing to provide all wages earned and due at the time of termination to California Subclass members; and

     D. Whether Defendant violated California Labor Code §512 and Labor Code § 226.7: Missed Meal and Break Penalties — One Hour of Pay For Each Violation, by failing to provide Plaintiff and the California Therapists Class work free and uninterrupted meal breaks and thus owe the Plaintiff and the putative class, one hour of pay for each day they missed or were not able to take the requisite meal break; and

     E. The proper measure of damages sustained by members of the California Class and the restitution owed to them.

85.    Plaintiff Anderson's claims are typical of those of the California Therapists Class. Plaintiff Anderson, like other members of this putative class, were all subjected to Defendant's policy and practice of failing to pay overtime compensation, including the De Facto policy of not recording more than eight (8) hours per day or more than forty (40) hours in the week and being required to work overtime hours off the clock and without regard to any individualized employee analysis.

86.    Anderson, like the California Class members, was subjected to Defendant's unlawful practice of failing to maintain and provide accurate itemized wage statements, all in violation of California law, and being unable to take a full 30-minute uninterrupted meal break each day, or two uninterrupted 15-minute breaks during the day.

87.    Plaintiff Anderson's job duties and compensation were also typical of other members of the California Class providing therapy within their specialty and documenting the therapy sessions and times in notes. All class members, including Plaintiff Anderson were hourly, non-exempt employees.

88.    Plaintiff Anderson will fairly and adequately represent and protect the interests of the putative members of the California Therapists Class because she has no disabling conflict(s) of interest that would be antagonistic to those of the other class members.

89.    Plaintiff Anderson has retained counsel, Mitchell Feldman, Esq. and Feldman Legal Group who is competent and experienced in class and collective action wage and hour litigation.

90.    Defendant has acted on grounds that apply generally to the California Class in that it has common policies and practices of: (a) refusing to pay overtime compensation; (b) failing to maintain and provide accurate itemized wage statements to all members of the California Class; (c) failing to accurately record and track work hours and engaged in the falsification and intentional maintenance of inaccurate and underreported time records; failing to provide a 30 minute duty free breaks each day.   Accordingly, injunctive, and declaratory relief is appropriate for the California Class as a whole.

91.    Class treatment is superior to alternative methods to adjudicate this dispute because Plaintiff Anderson and the similarly situated California Therapist Employees suffered similar

treatment and harm as a result of systematic policies and practices, including unlawful pay practices such as being permitted to suffer to work off the clock and submit falsified, underreported time sheets/records that would not show more than 8 hours of paid work per day and 40 hours of paid time per week as well as having to falsely report each day a 30 minute, uninterrupted, non-working meal break they never took, because absent a class action, Defendant's unlawful conduct will likely continue un-remedied and unabated given that the damages suffered by individual class members are small compared to the expense and burden of individual litigation.

92.    Class certification is also superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

## **FIRST CAUSE OF ACTION**

### **Failure to Pay Overtime**

93.    Plaintiff Anderson and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

94.    The foregoing conduct, as alleged, constitutes a violation of California's wage and hour laws, *See* Labor Code, § 510. California law requires employers, such as Defendant, to pay overtime compensation of one and a half times an employee's regular rate to all non-exempt employees for all hours worked over forty (40) per week, or over eight (8) per day.

95.    The California Therapist employees working for Defendant in the State of California were, and presently are still, all treated and classified by Defendant as hourly paid, non-exempt employees and who were not paid any premium pay for all the overtime hours worked

96.    Plaintiff Anderson's superior, the DOR (a manager), and the Defendant knew that she and other Therapists routinely worked overtime hours, and that such hours were not reported and thus "off the clock".

97.    Plaintiff Anderson's superior, the DOR, and the company knew that she routinely worked each day without taking 30 minutes of uninterrupted non-working meal breaks each day, and that the time records were inaccurate, falsified and only showed this break time under company De Facto (unwritten) policy that they had to show this time, or they would be subject to

discipline and the company would as well auto input 30 minutes of break time.

98.    Throughout the four (4) year California Class Period, the California Class members (California Therapists) routinely worked in excess of eight (8) hours in a workday and forty (40) hours in a workweek and should have been paid a premium for all such hours incurred.

99.    Anderson and other members of the class at times worked in excess of ten (10) hours in a workday.

100.    During the California Class Period, Defendant underpaid California Class members by failing to pay overtime wages for hours they knew and had reasons to know were being worked but not reported, including but not limited to the 30 minutes of meal breaks each day which would alone, put Anderson and other Therapists upwards of 2.5 hours each week of unpaid overtime, and thus 42.5 hours for the workweek.

101.    California wage laws requires the overtime rates be paid to non-exempt employees at one and one half (1.5) times the employee's regular rate of pay for overtime up to and including twelve (12) hours in a work day.

102.    Plaintiff Anderson and the class of similarly situated California present and former employees of Defendant routinely worked overtime hours during the four (4) year class period without being paid a premium for their hours worked in excess of forty (40) in a workweek or eight (8) hours in a workday.

103.    Plaintiff Anderson's schedule, like all similarly situated California Employees, was such that the work could not be performed in under forty (40) hours in a work week or eight (8) hours in a day, given the amount of time treating patients and completing all required documentation.

104.    As Defendant's computer systems and databases recorded the times California Therapists entered their notes, Defendants knew that the Therapist Employees were working more than forty (40) hours in a work week and more than eight (8) hours in a day.

105.    Further, Defendant failed to properly track and record the work hours of Plaintiff Anderson, and all other similarly situated Therapist Employees from four (4) years preceding this lawsuit and continuing through the present day.

106.    Defendant also did not utilize an accurate and reliable system for Therapist employees to record and track all their work hours, as they knowingly discouraged accurate self-reporting of work hours, did not have hourly employee clock in and out start times, end times and any real break times as the program Rehab Optima is designed to use, and discouraged accurate reporting of actual hours and breaks not taken.

107.    Defendant knew, or should have known, that Plaintiff Anderson and the other California Therapists who comprise the putative class of similarly situated were routinely working overtime hours during the four (4) year class period.

108.    Defendant maintained a scheme to avoid the overtime wage laws of California through the practice of willfully, and without good faith, requiring Therapists to work overtime hours off the clock, and discouraging Therapists from reporting their overtime hours worked pursuant to a Company De Facto policy.

109.    As a direct and proximate result of Defendant's willful, reckless and unlawful conduct, including the pressuring of Therapists to work off the clock and not report overtime hours worked, and failure to pay a premium for overtime hours worked as set forth herein, Plaintiff Anderson and the California Class members have sustained damages including: loss of wages for all overtime hours worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

110.    All California class members are entitled to be paid overtime wages owed at one and one half (1.5) times their regular rates of pay for all hours worked over eight (8) hours in a work day and forty (40) hours in each and every work week, plus an equal sum in liquidated damages, prejudgment interest and attorney's fees.

## SECOND CAUSE OF ACTION
### Failure to Provide Off-Duty Meal Breaks

111.    Plaintiff Anderson and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

112.    Plaintiff Anderson and all other California Therapist Employees were required to work

///

at least 8 hours of clocked time each day, for 5 days in each workweek, and have a productivity rate (%) related to their billable Medicare hours.

113.    Thus, for a 95% productivity rate, for each 8 hour work day, Plaintiff and other therapists who had the same productivity rate were expected and required to have 7.5 or 7.6 hours of Medicare billable time for each day.  If the productivity was higher, so too was the Medicare billable time requirement.

114.    To meet this productivity requirement, Plaintiff and full time, staff Therapists working at Defendant's facilities had to work more than 40 hours during each respective workweek. Defendant likewise expected Plaintiff and other Therapists to generally and routinely work 8 hours per day and 40 hours per week in a normal business week.

115.    Plaintiff Anderson and all other California Therapist Employees also had to keep up with the required daily contemporaneous medical or therapy notes or documentation each day.

116.    Spending time completing notes, including treatment plans, initial evaluations, discharge summaries, and general therapy notes takes hours each week to do, in addition to the therapy performed.

117.    Moreover, Plaintiff Anderson and all other similarly situated Therapists were required to attend routine meetings and had numerous other incidental activities and job responsibilities related to the patients which took additional time not accounted for in just the Medicare billable time.

118.    Defendant knew, at a minimum from all the DOR supervising Plaintiff and all the California Therapists, that the daily work could not be reasonably completed in 8 hours, and within 40 hours of clocked time for the week with the corporate set high and unrealistic productivity requirements Plaintiff and those similarly situated would a) work off the clock overtime hours, b) forego the minimum required uninterrupted thirty (30) minute breaks, and c) forego rest breaks.

119.    Even when Plaintiff Anderson and the other California Therapist Employees could take a break, it was primarily and routinely under thirty (30) minutes, and not uninterrupted or duty free, as during this break time, Plaintiff Anderson would perform work related to her reporting duties, provide therapy, attend meetings, complete medical records and charts; otherwise, Plaintiff

Anderson and the California Therapist Employees would wind up working hours into the evening hours and even more hours off the clock.

120.   Defendant was required by California Labor Code §512 to provide a thirty (30) minute, duty free break time to all California Therapist Employees if they worked more than five (5) hours.

121.   California Labor Code §512 also requires Defendant to: (a) relieve employees of all duty during this break time; (b) relinquish control over the employee's activities; (c) permit them a reasonable opportunity to take an uninterrupted 30-minute break; and (d) not impede or discourage the employee from doing so.

122.   Defendant knowingly or with reckless disregard for Section 512, failed to provide Plaintiff Anderson and the class of similarly situated California Therapist Employees the required daily thirty (30) minutes of uninterrupted, duty free work break time as required by law.

123.   As a direct and proximate result of Defendant's unrealistic and unreasonably high productivity requirement percentage (%) and scheduling, Plaintiff Anderson and the Class of similarly situated California Therapist Employees suffered harm and were not provided the requisite duty free thirty (30) minute breaks.

124.   Defendant's actions in failing to provide the required breaks was a willful violation of this section of California's Labor Code section and law.

125.   Pursuant to California Labor Code §226.7, employers who fail to provide meal or rest periods required by statute or Wage Order must pay employees one (1) FULL ADDITIONAL HOUR OF PAY at each employee's regular rate of pay for each daily failure to provide the requisite meal or rest periods.

126.   As per California Labor Code §226.7, Defendant owes Plaintiff Anderson and the class of similarly situated California Therapist Employees one (1) full hour of wages at their regular hourly rate of pay, plus an equal sum in liquidated damages, attorney's fees and expenses for each day they missed a meal break as required by Section 512.

127.   Alternatively, for each and every workweek in which Plaintiff and each California Therapist employee class member missed or was unable to take this full 30 minute meal break which would have caused any plaintiff to incur overtime hours for the additional time, Defendant

owes to each Plaintiff, including Plaintiff Anderson, one and a half times their regular rate of pay for each missed meal break, plus an equal sum in liquidated damages as required by Section 512.

### THIRD CAUSE OF ACTION
### Failure to Provide Rest Breaks

128. Plaintiff Anderson and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

129. Plaintiff and all other California Therapists regularly worked in shifts that exceeded 3.5 hours per day.

130. Plaintiff and all other California Therapists also had productivity requirements that could not reasonably be met within the schedule and thus did not reoutinely received a rest break.

131. Even when Plaintiff and the other California Recall Employees could take a break, it was primarily and routinely under ten (10) minutes, and not uninterrupted or duty free, as during this break time, Plaintiff would perform work related completing her notes and documentation.

132. At all times herein relevant, Labor Code § 226.7 and California Code of Regulations Title 8 § 11070 have applied and continue to apply to Plaintiffs' and the Class Members' employment with Defendants. Labor Code § 226.7 states "No employer shall require any employee to work during any […] rest period mandated by an applicable order of the Industrial Welfare Commission." Labor Code § 226.7(a).

133. In addition, Section 12 of Wage Order No. 7 provides in relevant part that:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer

shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

134. Defendant knowingly or with reckless disregard, failed to permit Plaintiff and the class of similarly situated California Therapists, adequate rest periods as required by law.

135. As a direct and proximate result of Defendant's job requirements, scheduling, and productivity requirements, Plaintiff, and the Class of similarly situated California Therapists suffered harm and were not provided the requisite duty free rest periods.

136. Defendant's actions in failing to provide the required breaks was a willful violation of this section.

137. Pursuant to California Labor Code §226.7, employers who fail to provide meal or rest periods required by statute or Wage Order must pay employees one additional hour of pay at their regular rate of pay for each daily failure to provide meal or rest periods.

138. As per California Labor Code §226.7, Defendants owe Plaintiff and the class of similarly situated California Therapists one (1) hour of overtime wages at time and one half each person's regular rate of pay, plus an equal sum in liquidated damages, attorney's fees and expenses for each day they missed a meal break as required by Section 512.

## FOURTH CAUSE OF ACTION
### Failure to Pay All Hours Worked

139. Plaintiff Anderson and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

140. Throughout the Class Period, Defendant has a pattern and practice of requiring Plaintiff and all other California Therapists to work as many hours as needed off the clock to meet productivity goals, and to complete all their job duties and required reporting forms and medical notes.

141. At all times herein relevant, Labor Code §§ 204, 1194, and 1197, Wage Order 7 and California Code of Regulations Title 8 § 11070 have applied and continue to apply to Plaintiff and

Class Members' employment with Defendants. Wage Order 7 state that "every employer shall pay to each employee wages … for all hours worked." Cal. Code Regs., Tit 8, § 11070 (4)(A).

142.    "Hours worked" is defined at the California Code of Regulations Title 8, § 11070 (2)(G) as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Under this definition of "hours worked," the time spent by Plaintiff and Class Members to write all patient notes and attending all meetings, while treating patients, are "hours worked" and must be compensated.

143.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including but not limited to loss of earnings. Plaintiff seeks to recover unpaid wages and penalties, attorney's fees and costs of suit under Labor Code §§ 1194, 1194.2, and 218 and further relief, as described below.

### FIFTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements

144.    Plaintiff Anderson and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

145.    Labor Code § 226 (a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period.

146. Labor Code § 226 (e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226 (a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorney's fees and costs. ///

147.   Defendants knowingly and intentionally failed to provide timely, accurate, and itemized wage statements to Plaintiffs and Class Members in accordance with Labor Code § 226. The statements provided to Plaintiffs and Class Members have not accurately reflected actual hours worked, actual gross wages earned, the total hours worked by employees, including meal and rest period premiums. Plaintiffs and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226 (e).

## SIXTH CAUSE OF ACTION
### Unlawful Business Practices Under California Unfair Competition Act

148.   Plaintiff Anderson and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

149.   The unlawful and unfair business practices and acts of Defendant, described above, have injured Plaintiff Anderson and the California Class members in that they were wrongfully denied the payment of earned regular and overtime wages.

150.   Defendant's actions and conduct in willfully violating California Labor Codes Sections 203, 226, 1174, 510, 512 and 1198, by: a) failing to pay overtime wages, b) failing to record daily work hours, c) failure to provide required thirty (30) minute duty free breaks, d) failure to pay the required one (1) hour of pay for unpaid meal breaks, e) requiring Plaintiff and all others similarly situated to work off the clock and submit inaccurate, under-reported time sheets as set forth in the above Counts I, II, III, demonstrate unfair and deceptive business practices committed by Defendant against Plaintiff Anderson and the class of similarly situated California Therapist Employees.

151.   Upon information and belief, Defendant continues to knowingly and willfully, engage in continued unfair and deceptive business practices since the filing of this Complaint, as they have not sought to comply with California Labor Code §§203, 226, 1174, 512, 510 and 1198 or change their unlawful pay practices against the putative class of California Therapist Employees.

152.   Under California law, wages unlawfully withheld from employees constitutes an unfair business practice in violation of Section 17200.

153.    Upon information and belief, these unfair business practices date back at least 4 to 5 years or more, and with certainty, three (3) plus years from the date of the filing of this Complaint.

154.    Under the circumstances alleged, it would be inequitable and result in a miscarriage of justice for Plaintiff and Class Members if Defendant were to retain the property of Plaintiff and Class Members, entitling Plaintiff and the proposed Class to restitution of the unfair benefits obtained and disgorgement of Defendant's ill-gotten gains.

155.    As a result of Defendant's unlawful and unfair business practices, Plaintiff and Class Members are entitled to and seek restitution and disgorgement, and other appropriate relief available under Bus. & Prof. Code §§ 17200 et. seq.

## SEVENTH CAUSE OF ACTION
### Failure to Pay Earned Wages Upon Discharge
*(Brought By Plaintiff, On Behalf of Herself and A Subclass Of The California Class)*

156.    Plaintiff Anderson and on behalf of all employees similarly situated, refer to and hereby incorporate by reference all preceding paragraphs, as though fully set forth herein.

157.    Under California Labor Code § 201, if an employer discharges an employee, all wages earned and unpaid at the time of discharge are due and payable immediately. Under California Labor Code § 202, if an employee quits, all wages are due and payable not later than 72 hours thereafter (or immediately at the time of quitting if the employee has given seventy-two (72) hours previous notice of the intention to quit).

158.    Plaintiff and subclass members are no longer still employed by Defendant in that they were either discharged or resigned from Defendant's employment.

159.    Defendant willfully failed to pay, within the time constraints imposed by Labor Code §§ 201 and 202, all overtime compensation due to them, Plaintiff and the subclass comprised of California Class members no longer employed by Defendant.

160.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the subclass comprised of California Class members no longer employed by Defendant have sustained damages, including loss of earnings, in an amount to be established at trial.

161. As penalties for these violations, Plaintiff and the subclass comprised of California Class members no longer employed by Defendant are entitled to and seek to recover up to thirty (30) days of their wages at their regular rates, as provided by California Labor Code § 203.

## **RELIEF SOUGHT**

**WHEREFORE,** Plaintiff REBECCA ANDERSON, individually, and on behalf of all other similarly situated, employed within the preceding four years and for all currently employed Therapists of Reliant Rehab seek the following relief:

a. Designation of this action as a Rule 23 Class action;

b. Designate Plaintiff, Anderson as Representative of the Rule 23 California Class for purposes of engaging in mediation, with the authority to execute any Class settlement agreement the parties might reach, which is subject to the Court's approval before making any such agreement binding;

c. That Defendant is found to have violated Labor Code §§ 204, 1194, and 1197, and Wage Order 7, as to the Plaintiff and the Class by failing to pay Plaintiff and the Class for all hours worked;

d. That Defendant is found to have violated Labor Code § 510, as to the Plaintiff and the Class by failing to pay Plaintiff and the Class for overtime hours worked;

e. That Defendant is found to have violated Labor Code § 226 by not authorizing and permitting adequate meal breaks to Plaintiff and the Class;

f. That Defendant is found to have violated Labor Code § 226 by not authorizing and permitting adequate rest breaks to Plaintiff and the Class;

g. That Defendant is found to have violated Labor Code § 203 for failing to pay wages upon termination or voluntary quit;

h. That Defendant is found to have violated the record-keeping provisions of Labor Code §§ 1174(d) and 226 as to Plaintiff and the Class;

i.   That Defendant is found to have violated Labor Code § 226 for failing to provide accurate wage statements to Plaintiff and the Class Members;

j.   That Defendants are found to have violated Business and Professions Code § 17200 as to Plaintiff and the Class by failing to pay Plaintiff and Members of the Class for all hours worked and failing to keep timely, accurate, itemized records of all hours worked and failing to permit and authorize adequate meal and rest breaks to Plaintiff and the Class;

k.   That Plaintiff and the Class be awarded civil penalties as specified by Labor Code § 226.8 for each violation of the Labor Code as explained herein during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

l.   That Plaintiff and the Class be awarded damages for the amount of unpaid compensation, including interest thereon, liquidated damages, and penalties subject to proof at trial;

m.   That Plaintiff and the Class be awarded civil penalties as specified by Labor Code § 2699(f) for Plaintiff and each current and former aggrieved employee for each violation of the Labor Code as explained herein during the applicable limitations period preceding the filing of the Complaint and up to and including the present and until the date of compliance with the law;

n.   That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 226, and 1194, and California Code of Civil Procedure § 1021.5;

o.   That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200 et seq.; and

p.   An award of such other and further relief as this Court may deem appropriate.

q.   That the Court find and declare Defendant's violations of the California laws were and are willful;

r.  Award Plaintiff and the California Class an equal sum in awarded or recovered wages as liquidated damages;

s.  That the Court award Plaintiff Anderson a Class Representative service award for the justice she sought out for so many and her services in this case as representative for the putative class;

t.  Award Prejudgment and post-judgment interest, as provided by California law;

u.  Issue an Injunction barring Defendant from continuing its unlawful pay practices complained of herein; and

v.  That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans.

Dated: May 20, 2022                          **RATNER MOLINEAUX, LLP**

                                             By: _____/s/_____
                                                    David S. Ratner
                                                    Shelley A. Molineaux

                                             *Attorneys for Plaintiff and the Proposed Class*


## DEMAND FOR JURY TRIAL

        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.


Dated: May 20, 2022                          **RATNER MOLINEAUX, LLP**


                                             By: _____/s/_____
                                                    David S. Ratner
                                                    Shelley A. Molineaux

                                             *Attorneys for Plaintiff and the Proposed Class*