UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA ANDERSON, individually and on behalf of all others similarly situated, TARA NUNALLY<br><br>Plaintiffs,<br><br>v.<br><br>RELIANT PRO REHAB, LLC,<br><br>Defendant. | Case No. 1:22-cv-00599-HBK<br><br>ORDER FINDING DEFENDANT'S MOTION TO TRANSFER OR PARTIALLY DISMISS PLAINTIFF'S COMPLAINT AS MOOT.<br><br>(Doc. No. 12) |

Plaintiffs commenced this action by filing a purported class action complaint and subsequent amended complaint alleging Defendant Reliant Pro Rehab, LLC, a Delaware corporation headquartered in Texas, violated the Fair Labor Standard Act ("FSLA") by failing to make overtime payments, *inter alia*. (Doc. Nos. 1, 7). Plaintiffs sought to bring this class action on behalf of a national collective action comprised of Reliant employees, including employees who never worked in California. (*See generally* Doc. No. 7). In response, Defendant Reliant filed a motion to transfer or partially dismiss Plaintiffs' amended complaint for lack of personal jurisdiction on August 19, 2022. (Doc. No. 12). Defendant Reliant contends this Court lacks jurisdiction regarding any claims by potential opt-in plaintiffs who did not perform work for Reliant in California. (*Id.* at 2). To the extent Plaintiffs seek to bring this action as a nationwide class action, Defendant Reliant requests the Court to either: (1) transfer this action to the Eastern

District of Texas, the court with general jurisdiction over Defendant Reliant; or (2) dismiss the claims by any potential non-California opt-in plaintiffs. (*Id.*).

On December 15, 2022, Plaintiffs filed a Second Amended Complaint ("SAC") alleging only violations of California labor laws against Defendant, seeking to certify as a class only those current or former employees of Defendant, classified as non-exempt and employed in California. (Doc. No. 26). On December 29, 2023, Defendant filed an Answer to the SAC. (Doc. No. 28). Because the SAC alleges only state law claims against Defendant and seeks to certify only a class of California employees, the Court finds Defendant's motion to transfer or partially dismiss Plaintiffs' amended complaint moot. (*See also* Joint Status Report wherein the parties acknowledge the motion is moot. Doc. No. 27).

Accordingly, it is **ORDERED**:

1. Defendant's motion to transfer or partially dismiss Plaintiffs' amended complaint (Doc. No. 12) is MOOT.
2. The Court will issue a Case Management and Scheduling Order after the mandatory initial scheduling conference set for **February 9, 2023 at 10:45 a.m.** The parties are reminded that the parties' joint scheduling report is due **no later than January 26, 2023**.

Dated: January 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE